## CIRCUIT COURT OF WASHINGTON COUNTY

Appalachian Power Co.

v.

Adams Construction Co.

February 26, 1987

By JUDGE CHARLES H. SMITH, JR.

I have reviewed this file, my notes and the applicable law while the matter was still fresh on my mind. It is my opinion based upon the law and evidence:

1. That the doctrine of *res ipsa loquitur* does not apply to the facts of this case. The doctrine allows the trier of fact to draw a permissible inference of the defendant's negligence but does not relieve the plaintiff of the burden of proving such negligence. As the trier of fact in this case I could not allow myself to infer that this is the type of accident that would not have happened had the defendant used ordinary care.

2. That the defendant did owe the plaintiff a duty to use ordinary care not to damage its cables. However, there is no evidence that the defendant did not exercise ordinary care insofar as actually carrying out the operation. The evidence is that the defendant proceeded to excavate a six to eight inch ditch confident that he could not possibly strike a cable he previously buried at a depth of three feet. Indeed, it would have been foolhardy for him to have commenced excavating over high voltage electrical cables had he not been aware of their location and depth.

3. That the defendant was not negligent in failing to notify the plaintiff prior to commencing his excavation and, even if he was, such negligence was not a proximate cause of the accident. Two intervening theories of causation

were presented: one that someone else had excavated in the area without knowledge of the defendant or that the cable had gradually inched its way up through the soil through a "snaking" effect through slack left in the cable. Argument can certainly be made that the defendant had a duty to notify prior to excavating pursuant to Section 56-265.17 of the Code. Argument can also be made that the defendant was exempt from notifying pursuant to Section 56-265.23 of the Code. Even assuming, for the sake of argument, that the defendant had a duty to notify and assuming further that the plaintiff would have made the markings required after such notification, that alone, without also ascertaining the *depth* of the cable in the area and notifying the defendant that same was within twelve inches of the surface, would not have prevented defendant from assuming he could safely proceed. The fact is that the defendant knew where the cable was; he buried it. The horizontal markings would simply have re-located the approximate area of the cable, reconfirming what the defendant already knew, and would not have prevented him from proceeding in reliance upon this knowledge and in the exercise of ordinary care from doing exactly what he did.

The Court, therefore, finds for the defendant.